WEST VIRGINIA MALLEABLE IRON CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16883. Promulgated May 14, 1929.

*H. A. Mihills, C. P. A.*, for the petitioner.
*F. R. Shearer, Esq.*, for the respondent.

548

OPINION.

Marquette: The first contention of the petitioner is that in 1914 it acquired from Woelffel a patent of the fair market value of $50,000, for which it issued its capital stock in the same amount, and that it is entitled to include in invested capital $50,000 on account thereof, and to deduct that amount as a loss in 1917, when the patent became valueless. The respondent has determined that the patent had no fair market value when the petitioner acquired it, and that no amount should be included in invested capital or deducted from income.

It may be pointed out that even if the patent was worth the amount claimed by the petitioner, there could only be deducted in 1917, assuming that the patent became worthless in that year, the depreciated cost or value at that date. However, in the light of the evidence, we are unable to agree with the petitioner that the patent had any fair market or actual cash value on or prior to March 18, 1914. If it had, the burden is upon the petitioner to establish that fact, and it has failed to meet that burden. The evidence shows that some six months after the right to the patent was assigned to the petitioner, it issued $50,000 par value of its stock to Woelffel, after declaring a stock dividend so as practically to eliminate the then surplus accounts, and that Woelffel and the petitioner's officers entertained hopes that the invention would prove profitable, but it fails to establish any fair market or actual cash value. On the record we decline to disturb the respondent's determination.

The second question is whether the respondent erred in reducing invested capital for 1917 and 1918 by the amount of dividends in excess of current earnings as reduced by the amount of a tentative

tax theoretically set aside out of such earnings, prorated over the taxable years. On this issue our decision is in favor of the petitioner. *L. S. Ayers & Co.*, 1 B. T. A. 1135.

At the hearing the petitioner conceded that invested capital for 1918 should be reduced by the correct amount of the 1917 taxes, prorated to the due dates thereof.

> *Further proceeding will be had under Rule 62(b).*